**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | |
|---|---|
| **THOMAS J. CARTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | FILED: AUGUST 4, 2008 |
| **SIEMENS BUSINESS SERVICES,** ) | 08CV4396 |
| **DEBRA BARRETT, BRUCE YORK** ) | JUDGE ST. EVE |
| **and DON OLNEY,** ) | MAGISTRATE JUDGE KEYS |
| ) | |
| Defendants. ) | |
| ) | JH |

## NOTICE OF REMOVAL

Defendant, Don Olney ("Olney"), by and through his counsel, McGuireWoods LLP, petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for removal of this action currently pending in the Circuit Court of Cook County, Illinois. In support of this petition, Olney states as follows:

1.  This action is being removed to federal court based on diversity of citizenship, which exists between the parties.

2.  Plaintiff, Thomas J. Carter filed a Complaint against Siemens Business Services, Debra Barrett, Bruce York and Don Olney (collectively, the "Defendants") in the Circuit Court of Cook County, Illinois on January 4, 2008. Olney received the Complaint on July 5, 2008 at his home in Ohio. To Olney's best knowledge, none of the other Defendants have been served. All process, pleadings or orders served upon Olney in the action are attached hereto as Exhibit A.

3.  Pursuant to Illinois Supreme Court Rule 101(d), Olney is required to answer or otherwise plead to the state law Complaint on or before August 4, 2008.

4.  This Notice of Removal has been filed with this Court within thirty (30) days of receipt of the Complaint by Olney as required by 28 U.S.C. § 1446(b).

5. Plaintiff is an individual who resides in Cook County, Illinois and is a citizen of Illinois. *See* Complaint contained in Exhibit A hereto, at ¶ 1.

6. Olney is an individual and a citizen of Ohio. Debra Barrett is an individual and a citizen of Ohio. Bruce York is an individual and a citizen of Arizona. Siemens Business Services is a Delaware corporation, having its principal place of business in Norwalk, Connecticut. Therefore, Siemens Business Services is a citizen of the state of Delaware and the state of Connecticut.

7. Complete diversity of jurisdiction exists between the parties because Plaintiff does not share citizenship of any one state with any of the Defendants.

8. In addition, because Plaintiff alleges over $1,900,000 in damages, the requirement that the amount in controversy exceed $75,000 is met. *See* 28 U.S.C. § 1332(a).

9. Given that complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

10. Venue lies in this Court because Plaintiff's action is pending in Cook County, Illinois which is within this District and this Division. 28 U.S.C. § 1441(a).

11. Olney has given written notice of the filing of this petition to the Clerk of the Circuit Court of Cook County, Illinois and to counsel for Plaintiff in this action, as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

**WHEREFORE**, Defendant, Don Olney gives this Notice of Removal of the action against it now pending in the Circuit Court of Cook County, Illinois, County Department, Law Division and respectfully requests that this Court accept jurisdiction of this action.

\6419986.1

Date: August 4, 2008                                       Respectfully submitted,

                                                                                         **DON OLNEY**

                                                                 /s John J. Michels, Jr.
                                                                 One of His Attorneys

John J. Michels, Jr. (ARDC # 6278877
Dionne R. Hayden (ARDC #6286361)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 (facsimile)

\6419986.1

# CERTIFICATE OF SERVICE

I, John J. Michels, Jr., an attorney, hereby certify that the foregoing *Notice of Removal* was served on counsel for the Plaintiff by United States mail, postage prepaid, at the addresses set forth below on this 4th day of August, 2008.

Daniel S. Gradows
2239 West 35th Street
Chicago, IL 60609
*Counsel for Plaintiff*

/s John J. Michels, Jr.
John J. Michels, Jr.

```
08CV4396
JUDGE ST. EVE
MAGISTRATE JUDGE KEYS

JH
```

# EXHIBIT A

Case 1:08-cv-04396   Document 1-2   Filed 08/04/2008   Page 1 of 11

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Thomas Carter

v.

Siemens Business Services Et Al
(See Attached Service List)

No. _____

2008L000115
CALENDAR/ROOM C
TIME 00:00
Libel/Slander

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 41050
Name: Daniel Calhamus (?)
Atty. for: Plaintiff
Address: 2235 West 35th St
City/State/Zip: Chicago, IL 60609
Telephone: 773 523 3124

WITNESS, _____

**DOROTHY BROWN**  JAN 0 4 2008

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE COURT OF COOK COUNTY, ILLINOIS

~~THIRD~~ 1st MUNICIPAL DISTRICT

| | |
|---|---|
| Thomas J. Carter,<br><br>    Plaintiff,<br><br>Vs.<br><br>Siemens Business Services, Debra Barrett,<br>Bruce York, Don Olney<br>    Defendant(s) | Case No.:<br><br>Claim: $1,940,000.00 |

## COMPLAINT

**NOW COMES** the Plaintiff, **Thomas J. Carter** (hereinafter referred to as "**Carter**") by its attorney, Daniel S. Gradows, complaining of the defendants, Siemens Business Services, (hereinafter referred to as "SBS"), Debra Barrett (hereinafter referred to as "Barrett"), Bruce York (hereinafter referred to as "York") and Don Olney (hereinafter referred to as "Olney") alleges the following:

## FACTS

1) Thomas J. Carter, A retired United States Army Captain, is resident of the county of Cook and the state of Illinois.

2) Siemens Business Systems is a foreign corporation who does business within the state of Illinois and Cook County.

Complaint - 1

Law Office of Daniel S. Gradows
2239 West 35th Street
Chicago, Illinois 60609

3) Debra Barrett is an employee of SBS and is a resident of Ohio

4) Bruce York is an HR Consultant and an employee of SBS and is a resident of Arizona

5) Don Olney is an employee of SBS and is a resident of Ohio

6) Carter was hired by SBS on February 8, 2005.

7) On February 8, 2006 Carter filed harassment charges against Acting Manager, Olney, with the Director of Problem Management, David Frazier. David Frazier indicated to Carter that a meeting had been scheduled between, David Frasier, Olney and Carter, to settle those differences referred to in the harassment charges on February 14, 2006.

8) On February 10, 2006 Barrett sent an e-mail to HR Consultant Mr. Bruce York, which stated that (Tom) "I'm so mad if I was down there, I'd assemble my blahblah troop and kill him." Woke up @3AM on 02/09/2005 and realized the Tom made a threat to kill Don. (Exhibit A)

9) On February 10, 2006 York sent an e-mail to SBS attorney, Mr. Paseltiner, and informed him that "Tom has a military background perceived to be in the type of unit that was involved in killing". That Olney is concerned that Tom might actually carryout the threat". (Exhibit B)

10) On Monday February 13, 2006, Carter was called into the conference room and York asked Carter "who I was going to kill"

11) Carter Replied "nobody" at which point York claimed that a co-worker had stated to him that (Carter) was going to kill someone.

12) York proceeded to discharge employee at the February 13, 2006 meeting without further inquiry.

13) If Carter had remained an employee for 20 years he would have received $1,340,000.00 plus $600,000.00 in Benefits amount in Salary and Bonuses without cost of living adjustments and any promotions or raises.

## COUNT I

## DEFAMATON OF CHARACTER

14) Carter realleges paragraphs 1 thru 12 and incorporates them herein as paragraph 13 of This Count I.

15) On or around February 9, 2006 Barrett published SBS, York and Olney, an e-mail containing false and defamatory statements about Carter, as are contained in Exhibit A.

16) On or around February 10, 2006 the defendants, SBS, York, Olney, published to the Lake County Police Department a written or verbal statement containing the same false and defamatory statements about Carter, as are contained in Exhibit A.

17) At all times Defendants' were acting in behalf of Siemens Business Systems and all such actions were endorsed as proper.

18) As a proximate result of the foregoing statements by Defendants, Carter sustained injuries including injuries to his reputation.

19) The foregoing statements were made by Defendant (Barrett) with the knowledge of their falsity and with actual malice so as to justify an award of punitive damages.

WHEREFORE, Plaintiff, Thomas J. Carter, demands judgment against Defendants, Siemens Business Systems, Bruce York, Debra Barrett, and Don Olney, for compensatory damages in the amount in excess of the minimum amount required for jurisdiction in Cook County and for exemplary damages in an amount which will serve to punish Defendants, Siemens Business Systems, Bruce York, Debra Barrett, and Don

Olney, and deter Defendants, Siemens Business Systems, Bruce York, Debra Barrett, and Don Olney, from similar conduct.

## COUNT II
## RETALITORY DISCHARGE

20) Carter realleges paragraph 1-12 and incorporates them herein as paragraph 20 of this Count II.

21) Carter alleges that he has a right to work in an environment free from harassment and that is the duty of Siemens Business Systems to provide a work environment free of such harassment.

22) Carter exercised his rights under the law and reported the harassing conduct of Don Olney, to the Director of Problem Management.

23) The Defendant's termination of the Plaintiff in retaliation for the Plaintiff's reporting the Acting Manager's actions was retaliatory and in violation of the clearly mandated public policy of the State of Illinois requiring a safe and non-hostile work environment.

24) 9. As a direct and proximate result of the Defendant's retaliatory discharge of the Plaintiff, the Plaintiff has suffered damages, including, but without limitation, lost income, benefits, emotional distress and damage to his reputation.

WHEREFORE, the Plaintiff prays for judgment in his favor and against the Defendant for compensatory damages in the amount in excess of the minimum amount required for jurisdiction in Cook County and for exemplary damages in an amount which will serve to punish Defendants, Siemens Business Systems, Bruce York, Debra Barrett, and Don Olney,

Complaint - 4

and deter Defendants, Siemens Business Systems, Bruce York, Debra Barrett, and Don Olney, from similar conduct.

                                                                   Thomas J. Carter

                                                                   Plaintiff's Attorney

Daniel S. Gradows  
Law Firm of Daniel S. Gradows  
Attorney for Plaintiff  
2239 West 35th Street  
Chicago, Illinois 60609  
Attorney #41050

STATE OF ILLINOIS }
COUNTY OF COOK    **086467313**

Thomas J. Carter, being first duly sworn on oath, deposes and says he is familiar with the allegations set forth in the foregoing Plaintiff's Complaint and that the allegations set forth therein are true and correct in substance and in fact, and as to matters alleged on information and belief that he believes them to be true.

*[signature: Thos J Carter]*

Subscribed and sworn to before me this

___26th___ day of ___November___, 2007

*[signature]*
Notary Public

"OFFICIAL SEAL"
Eric Hilgart
Notary Public, State of Illinois
Kane County
My Commission Expires March 12, 2008

Law Office of Daniel S. Gradows
2239 West 35th Street
Chicago, Illinois 60609
(630) 561-3851
Atty. No. 41050

**From:** Barrett, Debra (SBS US)
**Sent:** Friday, February 10, 2006 1:22 PM
**To:** York, Bruce (SBS US)
**Subject:** FW: Cost Per Ticket

FYI per your request this was sent to myself only for record and was read to David Frazier on 02/09/2006 ~ 8:00am EST

Regards,

Debra Barrett

---

**From:** Barrett, Debra (SBS US)
**Sent:** Thursday, February 09, 2006 3:57 AM
**To:** Barrett, Debra (SBS US)
**Cc:** debra.barrett@yahoo.com
**Subject:** FW: Cost Per Ticket

Shortly after I sent this note, I received a phone call. We were discussing this email. Tom suggested I not put any inquiries in writing (email) but go to Paul and say hey I heard there might be a new cost model for WaMu incidents to get the logic behind the $10 per incident charge he recently received from Rena and Paul. During the conversation he started to rant about how upset he was at the "one that need not be mentioned" and that he needs to talk to David right away. I listened. Dont recall if I said anything. Then he said "I'm so mad if I was down there, I'd assemble my blahblah troop and kill him". He used a military term where there is blahblah. I said "okay then" and turned focus back on the costing conversation and hung up.

Woke up @ 3am on 02/09/2005 and realized the Tom made a threat to kill Don.

Typed this note.

---

**From:** Barrett, Debra (SBS US)
**Sent:** Wed 2/8/2006 7:35 AM
**To:** Carter, Thomas (SBS US)
**Subject:** RE: Cost Per Ticket

I think I need to open this can of worms. I talked to Tom Bowman this morning and he informed me our cost per incident should actually be going up soon and I asked if he heard about this $10 cost per incident and he said no, but had heard someone was working on a formulation and he is interested now. You got this from Rene and Paul?

---

**From:** Carter, Thomas (SBS US)
**Sent:** Friday, February 03, 2006 11:02 AM
**To:** Barrett, Debra (SBS US)
**Subject:** RE: Cost Per Ticket

Why don't you go to David (F) and Bob (M) and show them this e-mail thread. Just say that there is some clarification that is needed and ask for their input. Show them the WaMu cost calculation that I sent you and show them that WaMu does this at a higher basis.

Or just put it to rest and we go our merry way.



file://D:\Documents and Settings\jzm002\Local Settings\Tempor... 6/1/2006

**From:** Barrett, Debra (SBS US)
**Sent:** Friday, February 03, 2006 9:58 AM
**To:** Carter, Thomas (SBS US)
**Subject:** RE: Cost Per Ticket

Yes you are correct regarding the cost/risk requirements for every project we do. Tom Bowman is the money person, so his figure gold in my book. Again I do not know what Paul/Rene logic for the $10 number is. Bob and/or Frazier may be able to offer some guidance on this. I have blinders on and cannot get past Tom B's number as not being the number to use.

---

**From:** Carter, Thomas (SBS US)
**Sent:** Friday, February 03, 2006 10:08 AM
**To:** Barrett, Debra (SBS US)
**Subject:** RE: Cost Per Ticket

Hello Deb,

I do not want to open Pandora's box. It is not just for MY projects. It is for all of WaMu projects. Ok, then maybe they are all MY projects, but what about everybody else when they do a Cost Analysis? I think a Cost Analysis and a Risk Analuysis should accoumpany every project.

Tom

---

**From:** Barrett, Debra (SBS US)
**Sent:** Friday, February 03, 2006 9:03 AM
**To:** Carter, Thomas (SBS US)
**Subject:** RE: Cost Per Ticket

I think Rene and Paul need to review their numbers with Tom Bowman. I am not sure a quorum is necessary. Rene/Paul may have some logic behind their number that is specific to WaMu or the costing specific to your project.

---

**From:** Carter, Thomas (SBS US)
**Sent:** Thursday, February 02, 2006 3:58 PM
**To:** Barrett, Debra (SBS US)
**Subject:** RE: Cost Per Ticket

Deb,

Maybe we need to have a quorum about this and find out what figures are real. We might need Rene, Paul, Dug, Tom and Marshall as QCI. What do you think?

Tom

---

**From:** Barrett, Debra (SBS US)
**Sent:** Thursday, February 02, 2006 2:53 PM
**To:** Carter, Thomas (SBS US)

From: York, Bruce (SBS US)
Sent: Friday, February 10, 2006 2:26 PM
To: Paseltiner, Philip (SBS US)
Cc: Callahan, Larry (SBS US)
Subject: URGENT -- Threat to kill manager -- ATTORNEY-CLIENT PRIVILEGED

Attachments: Investigation of Thomas Carter behavior.doc

Hi Phil (and Larry) -- In a telecom yesterday, Tom Carter (located in Chicago) voiced a threat to kill his manager (Don Olney) who is located in Mason, OH, to a co-worker, Debra Barrett. (See top entry of email string below). Debra initially just passed this off but after thinking about it realized that Tom had made a life-threatening comment and today shared the matter with Don and their manager David Frazier. You will see that she awoke in the middle of the night thinking about this and wrote an email to herself about it.

Tom has a former military background perceived to be in the type of unit that was involved in killing. Don Olney is concerned that Tom might actually carryout the threat.

We have had some earlier problems with female employees complaining about the way he approached them. These were addressed in a verbal warning by his previous manager, Marshall Sizemore (see my investigation notes in attachment). This was early in 2005. Then in late July, early August 2005, there was a customer complaint about an email. Marshall was never able to get to the bottom of that but we ended up having him send all communications through Marshall for screening.

Since Don Olney has been acting as an interim manager, he reports that Tom has refused to recognize him, goes around him, and fails to copy him on communications.

So, he has some history leading up to this. As I know you do, I take this type of threat seriously and am recommending that we terminate his employment.

Please let me know if you approve.

Employee Name: Thomas J. Carter
Date of Hire: 2/8/2005
Job Title: Engineer II-ICT
Recommendation: Involuntary Termination for Misconduct -- Voicing to Debra Barrett that if in Mason he would kill "one that need not be mentioned" (interpreted by Debra to mean Don Olney.

---

SIEMENS Global network of innovation
Siemens Business Services, Inc.

**Bruce E. York**
Human Resources Consultant
1362 W. Straford Ave.
Gilbert, AZ 85233
Office: 480-558-1746
Cell: 480-205-0170
Fax: 480-892-7411
e-mail: bruce.york@siemens.com

For answers to general HR and Payroll questions, call 1-866-477-2727
For benefits help call 1-800-392-7495 or visit: www.resources.hewitt.com/siemens
For personal or family issues call the CIGNA EAP: 1-800-554-6931
For IT help call: 1-866-435-7727
For injury, safety & related issues call: 1-877-RISKMGT

---

From: Barrett, Debra (SBS US)
Sent: Thursday, February 09, 2006 3:57 AM
To: Barrett, Debra (SBS US)

EXHIBIT
B

```
08CV4396
JUDGE ST. EVE
MAGISTRATE JUDGE KEYS

JH
```

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THOMAS J. CARTER,<br><br>      Plaintiff,<br><br>v.<br><br>SIEMENS BUSINESS SERVICES,<br>DEBRA BARRETT, BRUCE YORK<br>and DON OLNEY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Action No.: 2008-L-000115<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(d), you are hereby notified that Defendant Don Olney has removed this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. A copy of the Notice of Removal is attached and served with this Notice.

Date: August 4, 2008

Respectfully submitted,

DON OLNEY

_____
One of His Attorneys

John J. Michels, Jr. (ARDC # 6278877)
Dionne R. Hayden (ARDC #6286361)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 (facsimile)

## CERTIFICATE OF SERVICE

I, John J. Michels, Jr., an attorney, hereby certify that the foregoing *Notice of Filing of Notice of Removal* was served on counsel for the Plaintiff by United States mail, postage prepaid, at the addresses set forth below on this 4th day of August, 2008.

Daniel S. Gradows
2239 West 35th Street
Chicago, IL 60609
*Counsel for Plaintiff*

_____
John J. Michels, Jr.