IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| **THOMAS J. CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-4396 |
| | ) | |
| **SIEMENS BUSINESS SERVICES,** | ) | |
| **DEBRA BARRETT, BRUCE YORK** | ) | Honorable Amy J. St. Eve |
| **and DON OLNEY,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT DON OLNEY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Don Olney ("Defendant or "Olney"), by and through his attorneys, respectfully submits this Motion to Dismiss Plaintiff's Complaint. In support of his motion, Olney submits herewith his Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Complaint and states the following:

1. Plaintiff, Thomas J. Carter filed a Complaint against Siemens Business Services, Debra Barrett, Bruce York and Don Olney, Plaintiff's former employer, supervisor and co-workers, (collectively "Defendants") in the Circuit Court of Cook County, Illinois on January 4, 2008.

2. Olney received a copy of the Complaint and Summons on July 5, 2008 at his home in Ohio. To Olney's best knowledge, none of the other Defendants have been served.

3. On August 4, 2008, Olney removed this matter from the Circuit Court of Cook County, Illinois, to this Court on the basis of diversity jurisdiction. Complete diversity of jurisdiction exists between the parties because Plaintiff does not share citizenship of any one state with any of the Defendants.

4. Plaintiff's Complaint should be dismissed for several reasons. First, pursuant to Illinois Supreme Court Rule 102(b), a summons expires thirty (30) days after it is issued. Because Olney did not receive the Summons in this case until over six (6) months after it was issued, the service of summons should be quashed. Second, this Court lacks personal jurisdiction over Olney because he does not have a sufficient level of contacts with Illinois. Accordingly, it would not be fair, just or reasonable for this Court to assert personal jurisdiction over him. Finally, Plaintiff has failed to state a claim upon which relief can be granted because his defamation claim is barred by the applicable statute of limitations in Illinois and his retaliatory discharge claim cannot be brought against Olney, his former supervisor. Moreover, even if Plaintiff could bring his retaliatory discharge claim against Olney individually, it would be preempted by the Illinois Human Rights Act.

5. Therefore, Plaintiff's Complaint against Olney should be dismissed.

**WHEREFORE,** Defendant, Don Olney respectfully requests the entry of an order dismissing Plaintiff's Complaint and granting such further relief as the Court deems proper.

Dated: August 11, 2008

Respectfully submitted,

**DON OLNEY**

By: s/ John J. Michels, Jr.
   One of His Attorneys

John J. Michels, Jr.
Dionne R. Hayden
Jeannil Boji
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 (facsimile)

\6479803.2

## CERTIFICATE OF SERVICE

I, John J. Michels, Jr., an attorney, hereby certify that on this 11th day of August, 2008, I electronically filed the foregoing ***Defendant Don Olney's Motion to Dismiss Plaintiff's Complaint*** with the Clerk of Court using the ECF system. Notification of this filing will be served on the following person through U.S. mail:

> Daniel S. Gradows
> 2239 West 35th Street
> Chicago, IL 60609
> *Counsel for Plaintiff*

s/ John J. Michels, Jr.
John J. Michels, Jr.
